IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-1773-MSK-MEH

**HILAND HILLS TOWNHOUSE OWNERS ASSOCIATION, INC.,**

    Plaintiff,

*v.*

**OWNERS INSURANCE COMPANY,**

    Defendant.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court upon the Plaintiff's Motion for Partial Summary Judgment (**# 22**), the Defendant's response thereto (**# 24**), and the Defendant's Motion for Summary Judgment (**# 23**). As it always does, the Court is required to determine whether it has jurisdiction over the lawsuit. The Court has significant concerns in that regard. For the reasons that follow, the parties are ordered to show cause as to why this suit should not be remanded for lack of jurisdiction.

### I. BACKGROUND

This is a hail-damage case. Plaintiff Hiland Hills Townhouse Owners Association obtained a property insurance policy insured by Defendant Owners Insurance Co. covering the term of November 2014 to November 2015 (the Policy). The Policy included a provision allowing for independent appraisal of the insured property or amount of loss:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a

1

> judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

# 9-2 at 14.

The hailstorm occurred in June 2015 and Hiland Hills submitted a claim pursuant to the Policy in October 2016, after the Policy term had ended. Unhappy with how long Owners took to evaluate the claim, Hiland Hills brought this suit in state court in June 2017; Owners removed it in July 2017. At the suit's filing and removal, Hiland Hills' public adjuster had completed its review of the claim, but Owners' engineer had not. Indeed, Owners made no determination with regard to the claim until August 2, after the filing of the action and its removal. Owners denied coverage in a September 1, 2017, letter that stated that Hiland Hills' delay in submitting its claim made it too difficult to determine what damage was attributable to the June 2015 storm as opposed to subsequent storms.

Although no complaint was filed with the Notice of Removal as required by D.C. Colo. L. Civ. R. 81.1(b), Hiland Hills filed an Amended Complaint (# **9**) on August 1, 2017. It asserts the following causes of action: (1) a claim to preserve its appraisal rights to determine the extent of its loss,[1] (2) breach of contract based on a failure to pay benefits under the Policy, and (3) common-law bad faith based on unfair claim settlement practices. Hiland Hills now moves for partial summary judgment on its motion to compel appraisal and Owners moves for summary judgment on all claims, arguing that it has no obligations under the Policy because Hiland Hills untimely submitted its claim.

---

[1] This claim appears to be a request for a declaratory judgment directing Owners to perform its obligations under the Policy.

## II. DISCUSSION

### A. Jurisdiction and Standing

Starting with the obvious, federal courts are courts of limited jurisdiction that possess only the authority given to them by the United States Constitution and federal statutes.[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the Constitution restricts the authority of federal courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1; *Sprint Commc'ns Co. v. APCC Servs. Inc.*, 554 U.S. 269 (2008). A case or controversy can only be brought by a person with standing to sue.

Unlike doctrines that restrain federal courts from exercising jurisdiction based on the characteristics of the claims themselves (*e.g.*, doctrines of abstention or grants of exclusive jurisdiction), the question of standing focuses on the party who seeks relief, rather than on the issues that he or she wants adjudicated. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). A plaintiff must demonstrate standing for each claim.

For each claim or type of relief sought, a plaintiff must show that there it is a "case or controversy" *at the time of filing of the lawsuit*. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Thus, for each claim, Hiland Hills must demonstrate that: (1) it suffered an "injury in fact" that is concrete and particularized, and actual or imminent (not merely conjectural or hypothetical); (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. *Friends of the Earth Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180–81 (2000); *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir.2004); *Nova Health Sys. v. Gandy*, 416

---

[2] This is in contrast to state courts. Typically courts of general jurisdiction, state courts are presumed to have the power to hear virtually any claim arising under federal or state law, except those which Congress or the United States Constitution specifies can be heard only by federal courts.

3

F.3d 1149, 1154 (10th Cir. 2005). That Hiland Hills suffered some injury subsequent to the filing of the lawsuit does not convey standing.

**B. Hiland Hills' Claims**

In this action, Hiland Hills has asserted a specific-performance claim, a breach-of-contract claim, and a bad-faith claim. None of these claims appear to have been a "case or controversy" at the time the action was initiated.

At the time that Hiland Hills filed this suit, the parties were performing their obligations under the Policy. There had been no determination of the amount claimed under the Policy and no refusal by Owners to pay such sum. Hiland Hills' claim was unliquidated and payment of its claim was subject to satisfaction of several conditions precedent. Among these were the completion of Owners' review of the claim, Owners' determination of coverage,[3] and in the event of coverage but disagreement as to the amount of loss, completion of the appraisal process specified in the Policy. Whether there would be a denial of coverage or a dispute in the amount of loss was entirely speculative.[4] In short, the claims asserted were premature.

Although it appears that a controversy developed after the suit was filed, this development does not affect Hiland Hills' standing. *See Gandy*, 416 F.3d at 1154. At the time the action was initiated in state court and removed to this Court, Hiland Hills' claims were not

---

[3] Although an indication that Owners' denial of coverage was imminent might create standing, Hiland Hills had no such indication until August 2 at the earliest, when Owners' engineer completed its damage report.

[4] Though the Court mostly addresses the classic breach-of-contract claim, Hiland Hills' bad-faith claim was just as speculative. Although the bad-faith claim hypothetically could be based on an insufficient investigation, it would have to be an insufficient investigation that had occurred as of the time of the filing of the Complaint. Given that Owners' engineer had not completed its report and Owners had not denied coverage until after the suit was filed, it is clear that the investigation was ongoing at the time of filing.

4

yet ripe because it had not yet suffered an injury in the form of a breach of the terms of the Policy.[5]

In the popular lexicon, federal courts do not operate as a "big box" store where you can buy everything you need — our line of products is limited to "cases and controversies" brought by parties with standing. The parties are invited to show cause, either jointly or individually, as to why this action should not be remanded for lack of jurisdiction within 14 days of this order. Either party will have an opportunity to respond to the arguments raised by the other party by submitting a response brief no later than 7 days thereafter.

Dated this 26th day of October, 2017.

**BY THE COURT:**

Marcia S. Krieger
United States District Court

---

[5] Assuming that the complaint is amended on remand or Owners brings a counterclaim seeking a declaration that it is not obligated to cover the damage incurred, Owners would then be able to remove the suit again.