IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 17-cv-01773-MSK-MEH

**HILAND HILLS TOWNHOUSE OWNERS ASSOCIATION,**

    Plaintiff,

v.

**OWNERS INSURANCE COMPANY**

    Defendant.

## OPINION AND ORDER OVERRULING OBJECTIONS

**THIS MATTER** comes before the Court pursuant to the Defendant's ("Owners") Objection **(# 77)** to the Magistrate Judge's May 26, 2021 Order **(# 75)** finding that Owners must pay $6,500 as costs relating to discovery sought from Third-Party Impact Claim Services ("Impact"), and Impact's response **(# 79)**.[1]

## FACTS

Only a brief factual recitation is necessary for purposes of the issues presented at this time. Hiland owns a multi-unit housing complex that was damaged in a hail storm in June 2015. Hiland retained a public adjuster, Derek O'Driscoll and his company, Impact Claim Services ("Impact") to assist it in making a claim with its insurer, Owners. Owners denied the claim for various reasons and Hiland commenced this action, asserting state-law claims sounding in breach and bad-faith of an insurance contract.

---

[1]     The Court grants Impact's motion **(# 78)** seeking leave to file a response to Owners' Objection.

In May 2021, Owners served a third-party subpoena on Impact, seeking an array of documents relating to Hiland's insurance claim, including Impact's communications relating to this lawsuit.² Pursuant to Fed. R. Civ. P. 45, Owners agreed to pay Impact's reasonable costs incurred in responding to the subpoena.

After completing the production, Impact requested reimbursement of its costs in the amount of approximately $12,500. That figure reflected 19 hours of Mr. O'Driscoll's time, billed at $375 per hour, for collecting and preparing responsive documents, as well as approximately $5,400 in attorneys fees incurred in reviewing the documents for potential privilege. Owners opposed Impact's request and sought to have the matter determined by the Magistrate Judge. The Magistrate Judge conducted an evidentiary hearing on the matter. Apparently, the hearing has not been transcribed. Or perhaps better stated, there is no indication that any party has requested a transcript. As a consequence, its contents are unknown to the Court. Instead, the only record of the hearing is the May 26, 2021 Minute Order entered by the Magistrate Judge **(# 75).** It states in its entirety:

> Today the Court conducted a discovery hearing in this case. At issue are the expenses incurred by nonparty Impact [ ] in responding to the document subpoena issued by [Owners]. After presentation of briefing, evidence, and oral argument, the Court has determined that $6,500.00 is a reasonable expense and should be paid by Defendant within thirty days of the date of this text entry. This is based on approximately one-third of claimed legal expenses (which were not itemized or verified) incurred in protecting [Impact's] legitimate business interest, and two-thirds of [Impact's] asserted actual cost in assembling the responsive documents, and amount adjusted to a reasonable hourly rate.

---

²     Most of the document requests were bounded by a requirement that they relate to Hiland's claim in this case. But two of Owners' requests sought, more broadly, "any documents . . . that track [Impact's] claims where [the Merlin Law Firm, Hiland's counsel] was also involved" and "any documents . . . where [any employee of Impact] gave sworn testimony during a claim or in litigation related to such claim."

Owners timely filed Objections **(# 77)** under Fed. R. Civ. P. 72(a) to the Magistrate Judge's ruling, but as noted, has not submitted nor refers to any transcript of the proceedings before the Magistrate Judge. It argues: (i) the Magistrate Judge's approval of an hourly rate of $250 for Mr. O'Driscoll's time was unreasonable because it "is $90 per hour more than Impact was charged by the licensed engineers for the expertise they provided"; (ii) "up to 7.5 hours of the 19 hours the Magistrate Judge awarded include[s] communications between Impact and its counsel," which Owners contends is "not reasonably related to" the subpoena response and is duplicative of time billed by Impact's counsel; (iii) although the Magistrate Judge apparently found that Impact is an "interested party" in this litigation, insofar as it has a contingent-fee arrangement with Hiland relating to the instant insurance claim, the Magistrate Judge did not make any setoff for that status in his cost award; (iv) the Magistrate Judge erred in awarding any attorney fees to Impact because Impact's contention that its communications with Hiland's counsel might be privileged was used as both a "sword and a shield" in this case; and (v) attorney fees incurred in responding to a subpoena are generally not considered compensable as costs.

Fed. R. Civ. P. 72(a) provides that non-dispositive rulings by a Magistrate Judge must be affirmed unless they are "clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A). A ruling is "clearly erroneous if, after reviewing the entire evidence, this Court is "left with a definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

Fed. R. Civ. P. 45(d)(1) provides that a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." That provision is universally understood to allow third parties subject to a subpoena to recover the

reasonable costs and expenses they incur in responding to the subpoena from the party issuing the subpoena, and Owners does not argue here that some award of costs is appropriate. Courts have not generally set hard-and-fast rules declaring various expenses to be categorically awardable or not; all that is necessary is that the court's award of expenses "be reasonable." *See In re Application of Michael Wilson & Partners, Ltd.*, 520 Fed.Appx. 736, 739 (10th Cir. 2013).

This Court's ability to assess the reasonableness of the Magistrate Judge's award of costs here is hampered by the fact that Owners has not provided the Court with a transcript of the evidentiary hearing. Without knowing the evidence that was presented to the Magistrate Judge, or any comments the Magistrate Judge might have made about that evidence, the Court is left with just the findings reflected in the May 26, 2021 Minute Order.

As to an appropriate hourly rate for Mr. O'Driscoll, the Magistrate Judge "adjusted" the hourly rate requested by Impact to an unspecified lower amount that the Magistrate Judge deemed "reasonable." Without access to the record to assess such matters as the skill and effort exercised by Mr. O'Driscoll in performing the tasks necessary to respond to the subpoena or evidence of the rates that might be charged in the community for comparable services, this Court is ill-equipped to conclude that the Magistrate Judge's conclusions regarding a reasonable hourly rate are clearly erroneous. Likewise, it is not clear from the Minute Order that the Magistrate Judge awarded costs to Impact for time spent by Mr. O'Driscoll conferring with Impact's counsel. But even assuming that the Magistrate Judge did so, this Court has no record before it to assess the nature, extent, purpose, or necessity of those discussions.[3] This Court is certainly

---

[3]   Indeed, this Court has no way to assure itself of the accuracy of Owners' assertion that "up to 7.5 hours" were billed by Impact for such communications. Owners proffers that figure based upon its own "analysis" of "lump[ed] together billing tasks" in Impact's invoice, without further elaboration.

not in a better position than the Magistrate Judge to assess the extent to which those discussions are appropriately compensable under Rule 45, and thus, this Court cannot conclude that the Magistrate Judge's finding that they were was clearly erroneous.

Owners' primary argument is that the Magistrate Judge should have engaged in an unspecified degree of "setoff" of Impact's costs to reflect the Magistrate Judge's finding (not recited in the May 26, 2021 Minute Order, but allegedly made orally at the hearing) that Impact is an "interested party" in this litigation. This Court will assume, for purposes of this analysis, that Owners is correct and the Magistrate Judge did indeed find that Impact has an interest in the outcome of this litigation. Even then, Owners cites to no law that specifies that interested parties subject to subpoenas forfeit an entitlement to an award of costs under Rule 45 or that some mandatory setoff amount is required. Rather, like any other factor, the subpoenaed party's interest in the litigation is one of many factors that the court must weigh in deciding the amount (if any) of costs to award. The Magistrate Judge <u>could</u> have found that Impact's status as an interested party warranted a reduction in the amount of costs it should recover, *see e.g. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) ("a district court exercising its discretion [to award discovery expenses] should be considerably more ready to place the cost of the defendant's performing an ordered task on the representative plaintiff, who derives the benefit"), but the Magistrate Judge is not <u>required</u> to do so. *Id.* ("the district court must exercise its discretion in deciding whether to leave the cost of complying with its order where it falls, on the defendant, or place it on the party that benefits"). Once again, the absence of an evidentiary record before this Court makes it impossible to assess the evidence that the Magistrate Judge considered in deciding not to impose any setoff against Impact to account for its interest in the

litigation, much less assess any explanation the Magistrate Judge might have given orally for that decision.[4]

As to attorney fees incurred by Impact in responding to the subpoena, Owners argues that such fees "are not a recoverable cost," citing the District Court's opinion in *In re Application of Michael Wilson & Partners*, 2012 WL 1901217 (D. Colo. May 24, 2012). Curiously, when the *Michael Wilson* case reached the 10th Circuit, the conclusion was precisely the opposite. 520 Fed.Appx. at 739 ("nonparty's legal fees are considered a reimbursable expense"), *citing Georgia-Pacific, LLC. v. American Intl. Specialty Lines Ins. Co.*, 278 F.R.D. 187, 190 (S.D.Oh. 2010). Whether to award attorney fees or not is a matter confined to the sound discretion of the Magistrate Judge, and here, Magistrate Judge Hegarty apparently found that the circumstances warranted the award of such fees. This Court cannot say that that conclusion was clearly erroneous or contrary to law.

Finally, as to Owners' argument that the Magistrate Judge should have recognized that Impact's (or, apparently Hiland's, at whom Owners' argument on this point is more directed) intention to review its documents for privilege operated as both "a sword and a shield," it is not clear to the Court that this argument was even presented to, much less considered and resolved by, the Magistrate Judge. Even so, this Court does not find Impact's suggestion that issues of privilege – even a privilege distinct from that held by Hiland – warranted an extra review of the

---

[4] Owners argues that utilizing the three-factor test recited in *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992), the decision as to whether to shift the costs of responding to the subpoena boil down here to Impact's interest in the litigation via its contingent fee agreement with Hiland versus the fact that Owners, by virtue of its size, can more readily bear the costs of subpoena compliance. Assuming – without necessarily finding – that the Magistrate Judge limited his consideration to just those two factors, it would appear that the Magistrate Judge was persuaded that Owners' size was more dispositive than Impact's interest in the litigation. This Court cannot say that the Magistrate Judge's choice to weigh those factors in that way was somehow clearly erroneous.

requested documents is an unreasonable one.  As mentioned above, Owners' subpoena sought more than just Impact's records relating to Hiland's claims.  It also sought all records that Impact might have relating to <u>any</u> insurance claims where a certain law firm was involved or records relating to unrelated cases in which Impact representatives may have testified.  Those requests could very easily have implicated privilege issues entirely unrelated to Hiland itself.  Under these circumstances, the Court cannot conclude that, on the extremely limited record before it, the Magistrate Judge erred in deciding to award Impact some of its attorney fees as part of the expenses of responding to Owners' subpoena.

For the foregoing reasons, the Court **OVERRULES** Owners' Objections **(# 77)** and **AFFIRMS** the Magistrate Judge's May 26, 2021 Order.  Impacts' Motion for Leave **(# 78)** to file a response to Owners' Objections is **GRANTED**.

Dated this 13th day of September, 2021.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
Senior United States District Judge